IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOBBY L. JACKSON, #145722, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:13cv347-CSC |
| | ) [WO] |
| ALABAMA BOARD OF PARDONS | ) |
| and PAROLES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

For good cause, it is

ORDERED that Recommendation of the Magistrate Judge dated August 5, 2013 (doc. # 13) be and is hereby VACATED.

Plaintiff, an inmate incarcerated at the Limestone Correctional Facility, files this 42 U.S.C. § 1983 complaining that Defendants have barred him from parole eligibility, which he previously was eligible for, through application of ALA. CODE § 15-22-27.3 in violation of the *Ex Post Facto* Clause. The court has jurisdiction pursuant to 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

On August 29, 2013, the defendants filed a motion to dismiss (doc. # 19) alleging that the plaintiff's claims for injunctive relief are now moot because, after review, they determined that he was eligible for parole and scheduled a parole hearing. *See* Doc. # 19, Ex. A. On September 5, 2013, the court entered an order directing the plaintiff to show cause why his

complaint should not be dismissed as moot since he was scheduled for a parole hearing. Jackson has filed nothing in response to the September 5, 2013 order.

## DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

In *Saladin v. Milledgeville*, the court determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim

relief or events have eradicated the effects of the alleged violation. 812 F.2d 687, 693 (11th Cir. 1987)(citations omitted).

The plaintiff's ultimate objective in filing this action was to be eligible for consideration for parole. Because Jackson has now been deemed eligible for a parole hearing, and a hearing was set for August, 2013, there is no longer a case or controversy to litigate and this case is due to be dismissed as moot. *United States ex rel. Graham v. United States Parole Commission*, 732 F.2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*).

## CONCLUSION

Accordingly, it is

ORDERED and ADJUDGED that the defendants' motion to dismiss (doc. # 19) be and is hereby GRANTED and this case be and is hereby DISMISSED as moot.

A separate order will be entered.

Done this 30th day of September, 2013.

                                      /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE